May 2, 1910.

No. 4990.

(Court of Appeal, Parish of Orleans.)

## MRS. HESTER A. MARTIN ET AL. vs. HIBERNIA BANK & TRUST COMPANY.

Stafford, Lambert & Robinson for plaintiff and appellee.

McCloskey & Benedict, Farrar, Jonas, Goldsborough & Goldberg for defendant and appellant.

ST. PAUL, J.—On January 27, 1906, Nott & Ward,

residing at Cleveland, Miss., drew their check on the Bolivar County Bank, also situated at Cleveland, Miss., and sent it by mail to plaintiffs, who reside in the country a few miles from Arcola, Ill. Plaintiffs received the check on January 30th, and on the next day sent it for collection and credit to the Arcola State Bank, at Arcola, Ill. This bank received it on February 1st, and on the same day mailed it to the American Trust and Savings Bank, at Chicago, Ill. Here it was received on February 2d, and forwarded at once to defendant. It reached defendant on February 5th, and on the same day was forwarded to the bank on which it was drawn. It reached the latter on the morning of February 7th. At that time Nott & Ward had to their credit in said bank funds more than sufficient to pay said check in full.

On receipt thereof, the Bolivar County Bank, laid it aside, and late in the night of the same day, February 7th, made an assignment for the benefit of its creditors. Early the next day a receiver was appointed, who, on taking possession, found the check still on hand, and returned it to defendant. and it finally got back to plaintiffs through the same channels by which it came.

Plaintiffs then sought to recover of Nott & Ward on the original obligation, in payment of which said check was given, but were unsuccessful in their attempt; and they now seek to hold defendant for their damages which they aver to be the face value of said check, less a dividend of 25% paid on account thereof by the receiver. For a cause of action they rely on the alleged negligence of the defendant in sending said check to the bank on which the same was drawn, with the result above stated, although there was another bank in the same place through which said check might have been presented.

The defenses set up are several: 1. That there is no privity of contract between plaintiffs and defendant. 2 That there was no negligence on the part of defendant.

3. That defendant's negligence, if any, was not the proximate cause of any damage which plaintiffs may have suffered. 4. That plaintiffs suffered no damages through any negligence of the defendant. 5. That the measure of damages is not under the circumstances of this case the full face value of the check. 6. Defendant pleads the prescription of one year.

## I.

Whether or not there be, under the circumstances of this case, privity of contract between plaintiffs and defendant is a question about which there is a wide diver gence and hopeless conflict of authority. The question has arisen in England, and in almost every State of the Union, and the authorities are equally eminent whether holding the affirmative or the negative.

We consider the question an open one in this jurisdiction.

In so far as it affects plaintiffs' right of action, we might dispose of it shortly. Defendant is, in fact and in law, plaintiff's sub-agent. Where the principal has a remedy directly against the sub-agent, circuity of action is avoided as well as the possibility of justice miscarrying. Our Code gives such a right of action in terms **(C. C., Art. 3009)**; the right also exists under the **lex mercatoria** in cases such as this.

### Story on Agency, Sec. 217.

But, in view of the plea of prescription herein filed, it becomes necessary to inquire whether that right of action arises **ex contractu**, or **ex delicto**. The test is whether the defendant's alleged negligence was a violation of some general duty arising by law in favor of every one injured by the breach thereof, or the violation of a particular obligation voluntarily undertaken by defendant for account of plaintiffs and of which plaintiffs alone can complain.

The very fact that a question can arise as to plaintiffs' right of action here, is proof that the duty in which defendant failed was not a general, but a particular, one. Otherwise, the mere allegation of negligence and consequent damage, would exclude any possible question as to plaintiff's right to complain of the breach thereof.

And whether we look upon the appointment of a sub-agent by the agent as bringing the latter into direct relations with the principal under the original contract of agency, or as constituting a new and distinct contract between the agent and sub-agent for the benefit of the principal, the result is the same, in either case there is privity of contract between the principal and sub-agent.

Defendant's obligation arose therefore **ex contractu,** and plaintiffs have a right of action directly against it, which is not barred by the prescription of one year.

In this connection we have heretofore held otherwise. **Smith & Allen vs. Canal-La. Bank, 5 Ct. of App.** 227, is correctly decided on other grounds, but in so far as it conflicts with the views hereinabove expressed, it is overruled.

## II.

In the absence of a stipulation to that effect, or of some well known and approved custom, it was negligence for the defendant to send the check to the bank on which it was drawn, there being another bank at the same place. It was not a proper presentation of the check.

## III.

It was not negligence for the bank at Arcola to send the check to Chicago, and for the bank at that place to send it to New Orleans instead of direct to Cleveland. It is a reasonable custom for banks to send checks to their correspondent at that commercial center nearest the point at which the check is payable. The duty of exercising

prudence in the selection of a collecting agent makes this necessary. But, had there been negligence in this, that negligence was not the proximate cause of a failure to pre sent the check properly, but the proximate cause was defendant's own negligence in sending the check to the bank on which it was drawn.

### IV.

If, by reason of defendant's negligence, plaintiffs have lost all recourse against Nott & Ward, either on the check itself or on the obligation in payment of which it was given, then plaintiffs have been damaged. In the suit brought by plaintiffs against Nott & Ward, it was held that the latter had been so discharged, but, as defendant was no party to their proceedings, that question is subject to re-examination here.

It was properly held that Nott & Ward were so discharged when plaintiff accepted their check and undertook to collect it in payment of the note held by them; it was their duty to present it promptly and properly. When so presented and paid, the note would have been discharged. If by reason of any negligence on the part of plaintiffs, or their agents, in presenting the check, the amount of the check was lost to Nott & Ward, they had the right to set up the amount of their loss as a compensation or set off against the amount of the note as, in fact, they did.

The situation, therefore, is that plaintiffs must be held to have taken the check in payment for the note, and if, by reason of defendant's negligence, the amount thereof has been lost to plaintiffs, defendant is liable for the loss.

Now, there can be no doubt that when defendant received the check for collection, it represented its full force and value, and properly presented would have either been paid, or plaintiffs would have been left with

their recourse against the drawers unimpaired. But, by reason of defendant's negligence in failing to make a proper presentation, the check was not paid and the drawers have been discharged. For the "ability and willingness" of Nott & Ward, as evidenced by the fact that the check was itself an order to pay, and they had funds on deposit ready to meet it, was "equivalent to a tender of payment," under the terms of the **Negotiable Instruments Law, Act 64 of 1904, Sec. 70.** And we add, that the fact that the deposit was not withdrawn, was equivalent to a consignment. Hence, Nott & Ward were discharged, and the amount of the deposit remained at the risk of plaintiffs; and was lost to them when the bank went into the receiver's hands **(C. C., Art. 2167),** all through the failure of defendant to present the check in a proper manner.

## V.

As to the amount of plaintiffs' damages, it is manifestly the face value of the check, and it is perfectly useless to go into any inquiry as to what cash or other assets the Bolivar County Bank had on February 7th, or at any other time, or whether the check might or might not have been paid. So far as the plaintiffs are concerned, the situation is this: Had the check been properly presented it would either have been paid or it would not. So that plaintiffs would either have had their money or their recourse against Nott & Ward for the full amount.

As it is, no part of the check has been paid and plaintiffs have lost their recourse against Nott & Ward.

The judgment appealed from is, therefore, correct.

As to the suggestion that defendant is entitled to a subrogation to plaintiffs' claim against the receiver, and that plaintiffs should deliver the check and make an assignment thereof before execution should issue, it is not without merit; but it is too late to make the request in an

appellate court, and rather irregular to urge the request in no other form than as a suggestion contained in a brief. We have no doubt that plaintiffs will surrender the check, unless already surrendered to the receiver, and execute an assignment if requested to do so, but, at any rate, the effect of the judgment in favor of plaintiff is to operate as a subrogation of defendant to all of plaintiffs' rights against the Bolivar County Bank and its receiver. But we do not think that the judgment should be amended at this time.

Judgment affirmed.

May 2, 1910.

Rehearing refused June 22, 1910.